## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In Re: ) ) ) Platinum Oilfield Services, LLC, ) ) Debtor. ) ) | Case No. 19-81492<br><br>Chapter 11 |

## MOTION TO DISMISS CHAPTER 11 CASE
## WITH BRIEF IN SUPPORT

HD Outdoor, LLC, an Oklahoma limited liability company ("HDO"), and one of the two members of Platinum Oilfield Services, LLC, an Oklahoma limited liability company (the "Debtor"), hereby moves the Court to enter an Order dismissing this proceeding pursuant to 11 U.S.C. § 1112(b). In support of this motion, HDO states and allege as follows:

## BACKGROUND FACTS

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). This Court does not have subject matter jurisdiction in this case because the case was filed without proper authority. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408, 1409.

2. The Debtor was formed on December 6, 2018, and operates an oil and gas service company in Coalgate, Oklahoma.

3. HDO and Platinum Assets, LLC ("PA"), each hold 50% of the outstanding membership interests in the Debtor.

4. HDO and PA signed an Amended Operating Agreement for the Debtor on December 6, 2018, a copy of which is attached hereto as Exhibit "A" (the "OA").

5. The OA provides for management by the members and requires the consent of the members owning at least 51% Voting Rights. *See* OA, § 6.7.

6. The OA provides that 51% of the Company Outstanding Interests are required to amend the OA. *See* OA, § 11.1.

7. There are only two Members of the Debtor, therefore both Members must vote for or consent to any action requiring a vote or consent under the OA.

8. The OA does not authorize the filing of a voluntary petition for relief under 11 U.S.C. § 301.

9. HDO does not now and never has consented to or voted for the filing of the Petition to commence this case.

10. The Petition to commence this case was purportedly signed by Lauren Habermehl as "President" of the Debtor. The OA does not authorize the appointment of a President or any other officers for the Debtor.

11. There is no evidence of Ms. Habermehl's authority to commence this case attached to the Petition.

12. HDO, through one or more of its affiliates, has provided funding, unreimbursed capital contributions, property, and/or loans valued at approximately one million dollars, yet is not even listed as creditor in this case.

13. The Debtor owes First United Bank (the "Bank") approximately $550,000 on two loans secured by virtually all of the Debtor's assets, including its accounts receivable and cash proceeds thereof. The Bank is not listed as a creditor.

14. The Debtor's most recent payroll prior to the bankruptcy filing paid twenty-five employees. The Debtor is operating a business with well over one million dollars in assets, yet none of this is disclosed in the Schedules or Statement of Financial Affairs. There are no motions

2

filed to allow these employees to continue to be paid, but the employees are still working and the trucks are still servicing customers despite there being no money in the company's bank account.

15. Upon information and belief, Ms. Habermehl moved all assets and business operations from Coalgate, Oklahoma, to McAlester, Oklahoma, shortly before the filing of this case without any authority and without disclosing such actions to HDO or disclosing same in the Statement of Financial Affairs.

16. Post filing of the bankruptcy, the Debtor's accountant's access to Quick Books was deactivated. Upon information and belief, HDO believes Ms. Habermehl has opened bank accounts not disclosed on the schedules in order to maintain the business as an ongoing concern, that Ms. Habermehl has forged signatures, illegally transferred company assets, and breached her fiduciary duties to Debtor.

## SUMMARY OF RELIEF REQUESTED

HDO seeks an order dismissing this case.

## ARGUMENT AND AUTHORITIES

There are two separate and independent grounds on which this Court can, and should, dismiss this case. First, the filing of this case was unauthorized because the Debtor's members did not consent as required by the OA and the individual who signed the Petition is not the "President" of the Debtor. Second, this case was filed in bad faith.

**I.    Ms. Habermehl had no authority to commence this case.**

As an initial matter, the determination of who may file for bankruptcy is a matter of local, and not federal, law. *Price v. Gurney*, 324 U.S. 100, 107 (1945). And "[i]f the District Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition." *Id.* at 106; *see also Keenihan v. Heritage Press, Inc.*, 19 F.3d 1255, 1258 (8th Cir. 1994) ("A person

3

filing a voluntary bankruptcy petition on a corporation's behalf must be authorized to do so, and the authorization must derive from state law."). It has been widely recognized "that a bankruptcy case filed on behalf of an entity by one without authority under state law to so act for that entity is improper and must be dismissed. *In re Real Homes, LLC*, 352 B.R. 221, 225 (Bankr. D. Idaho 2005)(citing *In re Gen–Air Plumbing & Remodeling, Inc.,* 208 B.R. 426, 430–31 (Bankr. N.D. Ill. 1997); *In re Arkco Properties, Inc.,* 207 B.R. 624, 627–28 (Bankr. E.D. Ark. 1997)). Although many published decisions in this context deal with corporations, the "same principles, however, have been applied to limited liability companies." *Id*. If Ms. Habermehl had no authority to file the Petition, then this Court has no choice but to dismiss this case.

Generally, when cause to grant relief under 11 U.S.C. § 1112 is established, the Court has discretion to dismiss or convert the case to Chapter 7. However, when the individual signing the Petition has no authority to file, then the case *must* be dismissed because the Court lacks subject matter jurisdiction. Pursuant to § 1112(b), "on request of a party in interest . . . the court shall convert a case under this chapter to a case under Chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b). Dismissal or conversion of a Chapter 11 case under this section is mandated if the movant establishes cause and none of the statutory exceptions of §§ 1112(b)(2) or 1112(c) apply. *In re New Towne Dev., LLC*, 404 B.R. 140, 146 (Bankr. M.D. La. 2009). A "bankruptcy petition filed without proper corporate authority must be dismissed independent of any finding of 'cause' under § 1112(b), <u>because if the Debtor did not have sufficient corporate authority for the filing of its petition, then this Court lacks subject matter jurisdiction over the case.</u>" *In re Mid-S. Bus. Assocs., LLC*, 555 B.R. 565, 569–70 (Bankr. N.D. Miss. 2016)(citing *Price v. Gurney*, 324 U.S. 100, 106 (1945)) (emphasis added).

There is no statutory authority for the manager of an Oklahoma limited liability company to file a bankruptcy petition. *See* 18 O.S. § 2019. Unless the OA grants authority for Ms. Habermehl to unilaterally file a bankruptcy petition to commence a case, then she had no authority to file this case.

The OA does not provide any authority for Ms. Habermehl's filing of a bankruptcy without the consent of HDO and therefore she had no authority to sign the Petition to commence this case. Although filing a bankruptcy petition is not an enumerated action in the OA explicitly requiring a 51% majority vote, it is well-settled that "a decision to file for bankruptcy protection is a decision *outside the ordinary course of business*, even for an entity in dissolution." *In re Avalon Hotel Partners, LLC*, 302 B.R. 377, 379 (Bankr. D. Or. 2003)(emphasis added). Accordingly, Ms. Habermehl was not authorized to file for bankruptcy protection without a membership vote, "because doing so is not within the scope of their authority as Managers under the terms of the Operating Agreement." *In re Mid-S. Bus. Assocs., LLC*, 555 B.R. at 577.

The OA, as it existed on December 31, 2019, when the Petition was filed, does not authorize anyone to file bankruptcy on behalf of the Debtor. In order to be authorized to file the Petition, the OA would have to be amended by a vote of 51% of the Member Interests or 100% of the Members would have to formally consent to the filing. Ms. Habermehl never communicated with Mr. Horton or any other representative of HDO prior to the filing of the Petition in this case. Therefore, Ms. Habermehl had no authority to file the Petition and commence this case.

HDO submits this Motion and clearly presents the issue of whether Debtor was properly authorized to file and whether Ms. Habermehl could execute the Petition, schedules, and other documents. Because she could not, there exists a *prima facie* case for dismissal. It is up to the

Debtor thereafter to bear the burden of proving the filing was authorized and proper. *In re Real Homes, LLC*, 352 B.R. at 227–28.

**II. This case was filed in bad faith and should be dismissed.**

Where the petition is filed in bad faith, a court may dismiss a case "for cause" under 11 U.S.C. § 1112. *In re Prometheus Health Imaging, Inc.,* 705 F. App'x 626, 627 (9th Cir. 2017); *In re Winslow,* 949 F.2d 401 (10th Cir. 1991) ("Although bad faith is not included in § 1112(b)'s non-exhaustive list of grounds for dismissal or conversion, courts which have considered the issue have uniformly held that bankruptcy courts may convert cases under § 1112(b) when a debtor engages in bad faith conduct.").

To determine whether a debtor has filed in bad faith, courts consider evidence that shows that a petition was filed to "abuse the purposes of the Bankruptcy Code, or to delay or frustrate the legitimate efforts of creditors to enforce their rights." *In re Prometheus Health Imaging, Inc.,* 705 F. App'x at 627. The facts and circumstances here show this case is a two-party dispute between the two members of the Debtor, HDO and PA. The reason for the filing was clearly to delay or frustrate the legitimate efforts of HDO to enforce its rights as the largest creditor and 50% member. As evidence of the mindset of the Debtor at filing, the schedules signed by Ms. Habermehl indicate that the Debtor has nothing; no assets, cash on hand, bank accounts, equipment, or accounts receivable as well as virtually no creditors, business operations, or much of anything. Based on the filings in this case, the Debtor has nothing.

In this case it is abundantly clear that the Debtor's filing of this case is effectively allowing the Debtor to hinder and frustrate HDO's efforts to enforce its rights. As stated by the Bankruptcy Court for the Northern District of Oklahoma in *In re Nichols*, "Where, as here, a debtor's Chapter 11 . . . represented a litigation tactic to stall and impede the enforcement of legal rights against the debtor, dismissal for 'cause', i.e., bad faith filing is warranted." 223 B.R. 353,

6

Case 19-81492    Doc 16    Filed 01/03/20    Entered 01/03/20 14:55:48    Desc Main
Document      Page 6 of 10

360 (Bankr. N.D. Okla. 1998). It is clear the Debtor in this case has filed this case solely as a "litigation tactic to stall and impede the enforcement of legal rights" against the Debtor. To allow the Debtor to institute bankruptcy proceedings to thwart the efforts of its only other member and largest creditor is unjust, inequitable, and in bad faith.

In addition, this case is an abuse of the system because Ms. Habermehl clearly is incapable of fulfilling her duties as Debtor-in-Possession as evidenced by the lack of any substantive content in the Schedules and Statement of Financial Affairs as well as the painfully obvious lack of any authority to file this case. Indeed, the picture of the Debtor presented in the Schedules and SOFA filed in this case fly in the face of reality.

Finally, the OA provides that all management of the Debtor is to be by both members. Ms. Habermehl has no authority to conduct the business of the Debtor, enter into contracts, borrow money, propose a plan, or otherwise unilaterally act on behalf of the Debtor without the consent of HDO as the other managing member. Ms. Habermehl, then, has no authority to act as Debtor-in-Possession or fulfil the duties and obligations imposed upon all Chapter 11 debtors. Applying these standards, the instant case should be dismissed as a bad faith filing.

A bankruptcy court has the inherent power under Rule 9011 to sanction an attorney when their conduct is frivolous and imposed for the improper purpose of delaying a creditor. *Matter of Case*, 937 F.2d 1014, 1022 (5th Cir. 1991). Under Rule 9011, a bankruptcy judge has authority to award fees. "A holding to the contrary would ignore the bankruptcy court's inherent authority to assess attorney's fees and expenses against those who willfully abuse the judicial process. *See In Re Perez,* 43 B.R. 530 (Bankr. S.D. Tex. 1984)." *In re Silver*, 46 B.R. 772, 773–74 (D. Colo. 1985), cited with approval *In re Arkansas Communities, Inc.*, 827 F.2d 1219, 1221 (8th Cir.

1987). The Tenth Circuit has ruled on the types of bad faith that may form a basis for sanctions in this situation:

> In distinguishing *Vaughan* from the instant case, it is helpful to categorize and distinguish three forms of bad-faith conduct, one of which is not a basis for fee shifting though the other two lie within the bad-faith exception to the American Rule. *See generally Shimman,* 744 F.2d at 1230–31 (delineating types of bad faith). First, bad faith occurring during the course of litigation that is abusive of the judicial process undisputably, at the discretion of the court, warrants sanction through the charging of fees. *Chambers,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27. The second category is "bad faith in bringing an action or in causing an action to be brought." *Shimman,* 744 F.2d at 1230; *see also, e.g., San Juan Prods., Inc. v. San Juan Pools of Kan., Inc.,* 849 F.2d 468, 476 (10th Cir.1988). Where a party institutes an unfounded action wantonly or for oppressive reasons, or necessitates an action be filed or defends an action through the assertion of a colorless defense, that constitutes bad faith which is grounds for an award of attorneys' fees. *See* Moore et al., *supra,* ¶ 54.78 [3], at 54–440. However, this second form of bad faith must be distinguished from the third category, bad faith in the acts giving rise to the substantive claim. As discussed above, such bad faith does not fall within the bad-faith exception. These distinctions are crucial to a proper understanding of *Vaughan.*

*Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 768 (10th Cir. 1997).

Ms. Habermehl and her attorney have willfully abused the judicial process by engaging in a consistent pattern of conduct that is frivolous and imposed for the improper purpose of delaying HDO's collection on their valid debt and to totally frustrate HDO's rights as the 50% member of the Debtor. The filing of this case is an unfounded action which results in the oppression of HDO's rights as a creditor and its further prosecution is "abusive of the judicial process."

As such, this Court should impose the fees and costs expended by HDO in responding to this filing upon Ms. Habermehl and/or her attorney.

## CONCLUSION

Because Debtor by and through Ms. Habermehl lacks the corporate capacity to file this case thereby depriving this Court of subject matter jurisdiction, and because this case was filed in bad faith, this case must be dismissed.

8

Respectfully submitted,

*/s/Mark A. Craige*
Mark A. Craige, OBA No. 1992
Alex Sokolosky, OBA No. 33614
CROWE & DUNLEVY
500 Kennedy Building
321 South Boston Avenue
Tulsa, Oklahoma 74103-3313
918.592.9800 Main / 918.592.9878 Direct
918.599.6318 Fax
mark.craige@crowedunlevy.com
alex.sokolosky@crowedunlevy.com

and

D. Kent Meyers, OBA #6168
CROWE & DUNLEVY
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
kent.meyers@crowedunlevy.com

*and*

Trae Gray, OBA #21196
GrayFirm, PLLC
37500 St. Hwy. 31
Coalgate, OK 74538
888-439-4729
Tg@TraeGray.com

***ATTORNEYS FOR HD OUTDOOR, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies on the date signified by the Notice of Electronic Filing herein, and only to the extent the same reflects the following persons will not receive electronic notification hereof, he served the following person by causing a true and correct copy of the above and foregoing pleading with the Notice of Electronic Filing accompanying same, to be placed in the United States Mail, first class mail with postage duly prepaid thereon, as follows:  None.

The Certificate of Service for this pleading to be supplemented, as needed.

*/s/Mark A. Craige*
Mark A. Craige