**Dated: January 22, 2020**

**The following is ORDERED:**



**TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
**PLATINUM OILFIELD SERVICES, LLC,**     Case No. 19-81492-TRC
                                                           Chapter 11
              Debtor.

## ORDER GRANTING MOTION TO DISMISS

       Before the court is the Motion to Dismiss filed by HD Outdoor, LLC ("HDO") (Docket Entry 16) with Supplement (Docket Entry 30). Debtor filed two Responses in opposition to dismissal (Docket Entries 32 and 34). The court held an expedited hearing on this matter on January 8, 2020, which was attended by HDO's counsel, Debtor's counsel and the Assistant U.S. Trustee. All parties present, including Debtor and its counsel, agreed that the issue of whether corporate authority to commence this case exists should be submitted to the court based upon the legal authorities cited and stipulation that the relevant corporate document is the Amended Operating Agreement attached to the Motion to Dismiss. However, after the hearing and while this matter was under advisement, Debtor filed a Motion to Set Cause for Evidentiary Hearing (Docket Entry 52) seeking to withdraw its agreement to submit HDO's Motion to Dismiss on the

stipulations of the parties and requesting an evidentiary hearing regarding dismissal. Debtor states that in hindsight, it believes this court must make findings of fact regarding the Motion to Dismiss. It does not state what evidence in addition to the Amended Operating Agreement would be offered as to the threshold issue of corporate authority. HDO opposes this Motion.

The court finds that the record submitted by the parties at the hearing on January 8, 2020, is sufficient for it to determine the threshold issue of authority to commence this case. The Amended Operating Agreement is in writing, signed by both parties, and both parties have stipulated that it is the governing corporate document. The court is able to read the Agreement and apply the applicable sections. Therefore, it denies Debtor's motion for an evidentiary hearing.

Debtor filed this case on December 31, 2019. Debtor is an Oklahoma limited liability corporation consisting of two members, each owning 50% of Debtor: HDO and Platinum Assets LLC ("PA"). Lauren Habermehl is the sole owner of Platinum Assets LLC. Lauren Habermehl signed the Petition commencing this case as "President" of the Debtor. No corporate resolution is attached to the Petition authorizing Habermehl's authority to file this case nor has Debtor represented that such a document exists. As the court has stated, Debtor and HDO stipulated that they entered an Amended Operating Agreement on December 6, 2018, an accurate copy of which is attached as Exhibit A to HDO's Motion to Dismiss, and that this agreement is the governing document regarding this Debtor. The Operating Agreement attached as Exhibit 1 to Debtor's Response, dated January 1, 2017, is not the Debtor's current operating agreement.

The Amended Operating Agreement, § 6.7, provides that management of the Debtor shall be by its members and requires the consent of the members owning at least 51% Voting Rights. The Amended Operating Agreement contemplates the filing of bankruptcy by a "Member" of the

LLC. However, it is silent regarding the procedure for authorizing the filing of bankruptcy by the LLC itself. It is also silent regarding the appointment of officers, except that the Members may appoint a chairman and secretary to preside over meetings of the LLC. *See* § 6.6. Habermehl admits that the Amended Operating Agreement does not designate the appointment of officers but states that she has held herself out to be President for at least the past six months. *See Affidavit of Lauren Habermehl, attached to Debtor's Response (Docket Entry 32).* Regarding management of the LLC's operations, § 7.1 provides:

> The business of the Company shall be managed by and under the direction of the Managing Members. The Managing Members shall have the power [sic] full authority and discretion to manage and control the Company's business, affairs and properties, to make all decisions regarding those matters, and to perform any and all other acts or activities customary or incident to the management of the Company's business.

HDO argues that this court must dismiss this case because Habermehl lacked authority to file on behalf of Platinum Oilfield Services, LLC. Citing *In re DB Capital Holdings, LLC*, 463 B.R. 142 (10th Cir. BAP 2010), HDO argues that when a bankruptcy petition is filed without proper corporate authority, the court must dismiss the case. *See also Price v. Gurney*, 324 U.S. 100 (1945). A court in such cases also lacks jurisdiction to make subsequent rulings. *Id.* Debtor, on the other hand, argues that the Amended Operating Agreement gives broad authority to its members to operate the business and that Habermehl properly exercised that authority when she filed bankruptcy to save the company. Debtor admits that Habermehl did not have the consent of members owning at least 51% of Voting Rights to file this case. However, it asserts that bankruptcy is the only solution if it is to survive and suggests that this court may allow this case to proceed as an equitable solution. After the hearing on HDO's motion to dismiss, Debtor filed amended schedules, Statement of Financial Affairs, Motion to Use Cash Collateral, operating reports and other motions.

The Amended Operating Agreement, § 1.1, states that the Debtor is organized pursuant to the Oklahoma Limited Liability Company Act (Okla. Stat. tit. 18, § 2000 *et seq.*). It is to be governed by the laws of the State of Oklahoma pursuant to § 12.7. Neither the Oklahoma Limited Liability Act nor the provisions of the Amended Operating Agreement specify a procedure for filing bankruptcy. The Amended Operating Agreement states that a unanimous vote of the "Members" is required to dissolve the corporation. *See* § 10.1. All other cited actions, including "management" of the Debtor, require a 51% vote. No vote was taken by Debtor's members regarding the decision to file chapter 11. Habermehl made that decision under her claim of authority as "President" and as a "Managing Member." Habermehl presented no corporate resolution or meeting minutes appointing her as President, or "Managing Member" or expressing the consent of HDO to make all decisions, including filing bankruptcy. Instead, she relies upon the authority to operate the LLC pursuant to § 7.1 which states that "business of the Company shall be managed by and under the direction of the Managing Members."

"Managing Member" is not defined in the Amended Operating Agreement, but HOC and PA are identified as the only members of the LLC. The court notes two problems with Habermehl's reliance upon § 7.1 for her authority to act on behalf of the Debtor and file this case. First, § 7.1 states that actions shall be by Members (in the heading of the section) or "Managing Members," both stated as plural. Although § 12.3 states that the singular shall include plural and vice versa, that makes no sense here. There is no other reference to a single member having authority to act alone unless there is but a sole member of the LLC, as described in § 10. Instead, the plain language states that management is to be by members of the LLC. Section 7.1 must be read in conjunction with § 6.7, which provides that management shall "be by its members and requires the consent of the members owning at least 51% Voting Rights." Thus,

a single Managing Member may not make management decisions unless it owns 51% of the voting rights. PA only owns 50% of the voting rights. Since neither member owns the requisite 51% of voting rights, consent is required. Habermehl as the sole owner of PA is not authorized to conduct business without the consent of HDO. Since she did not have HDO's consent, she lacked authority to commence this case.

The second problem with Debtor's position is that the authorized actions listed in § 7.1 include all business of the company and "any and all other acts or activities *customary* or incident to the management of the Company's business." (emphasis added). As noted by the BAP in *DB Capital Holdings, LLC*, 463 B.R. 142, filing bankruptcy is not a routine business activity. The matters described in § 7.1 pertain to management in the ordinary course of business. Granting power to "manage and control the Company's business, affairs and properties, to make all decisions regarding those matters, and to perform any and all other acts or activities customary or incident to the management of the Company's business" would not include authority to file a petition for bankruptcy. "We are also not persuaded that a contractual grant of any power 'required or appropriate to the management of the Company's business' would necessarily include authority to petition for bankruptcy on the company's behalf, even without a restrictive provision. Indeed, as noted earlier, the filing of a Chapter 11 bankruptcy proceeding represents a radical departure from how any entity carries on its business outside of bankruptcy." *In re DB Capital Holdings, LLC*, 463 B.R. 142 at *4 (10th Cir. BAP 2010). Therefore, even if Habermehl has the authority to manage the daily activities and run the company as a managing member or as its president, that authority does not extend to filing bankruptcy.

Case 19-81492    Doc 89    Filed 01/22/20    Entered 01/22/20 15:23:32    Desc Main
Document      Page 5 of 6

Because the court has determined that as a matter of law no authority existed to file this case it need not entertain HDO's assertion that "cause" in the form of bad faith exists to dismiss this case pursuant to 11 U.S.C. § 1112(b).

IT IS THEREFORE ORDERED that Debtor's Motion to Set Cause for Evidentiary Hearing (Docket Entry 52) is **denied.**

IT IS FURTHER ORDERED that the Motion to Dismiss filed by HD Outdoor, LLC (Docket Entry 16) with Supplement (Docket Entry 30) is **granted and this case is hereby dismissed**.

###